IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CARLOS PERRY                                                           PETITIONER

v.                          NO. 2:18-cv-00057 BSM/PSH

GENE BEASLEY, Warden, FCI-Forrest City                                 RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that petitioner Carlos Perry ("Perry") pleaded guilty in the United States District Court for the Western District of Virginia ("Western District of Virginia") to, inter alia, one count of mail fraud. See Docket Entry 7, Exhibit 1.[1] United States District Judge James P. Jones sentenced Perry to the custody of the Federal Bureau of Prisons ("BOP") for a term of 144 months imprisonment. See Docket Entry 7, Exhibit 2. Perry filed a pro se notice of appeal, but the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") dismissed the appeal because he failed to file a timely notice of appeal. See Docket Entry 7, Exhibit 3.

Perry thereafter filed a motion pursuant to 28 U.S.C. 2255 in the Western District of Virginia. In the motion, he raised the following claims:

> … counsel provided ineffective assistance by (1) improperly advising [Perry] to plead guilty to an Information charging crimes that he did not commit; (2) failing to rebut the government's rationale for an upward variance; (3) failing to challenge the loss amount; (4) failing to present mitigating evidence; and (5) failing to argue for a sentence below the guidelines range based on substantial assistance.

See Docket Entry 7, Exhibit 4 at CM/ECF 5. Perry also maintained that Judge Jones abused his discretion by applying an upward variance to the guideline range. Judge Jones denied the motion and a certificate of appealability. See Docket Entry 7, Exhibit 4 and 5. Perry appealed. The Fourth Circuit denied his request for a certificate of appealability and dismissed the appeal. See Docket Entry 7, Exhibit 6.

---

[1] Perry signed a plea agreement in which he agreed to plead guilty to one count of mail fraud and two counts of aggravated identity theft. See Docket Entry 7, Exhibit 1. The two counts of aggravated identity theft were later dismissed, and he was only sentenced for one count of mail fraud. See Docket Entry 7, Exhibit 2.

2

Approximately seven months after the Fourth Circuit denied Perry's request for a certificate of appealability, he began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he again challenged his trial attorney's performance and the sentence imposed by Judge Jones.[2]

Respondent Gene Beasley ("Beasley") filed a response to Perry's petition and asked that it be dismissed for lack of subject matter jurisdiction. Beasley so maintained because Perry's petition presented "the same claims he raised in his [28 U.S.C. 2255] motion filed in the sentencing court." See Docket Entry 7 at CM/ECF 2.

Perry filed a reply in which he acknowledged that his motion pursuant to 28 U.S.C. 2255 had been denied by Judge Jones, and a request for a certificate of appealability had been denied by the Fourth Circuit. Perry nevertheless maintained that the United States District Court for Eastern District of Arkansas ("Eastern District of Arkansas") had subject matter jurisdiction to consider the petition at bar, one pursuant to 28 U.S.C. 2241.

"Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255." See Alexander v. Haynes, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.). He may challenge the execution of his sentence, though, by filing a petition pursuant to 28 U.S.C. 2241 in the district of his incarceration. See Id. The scope of the latter proceeding is as follows:

---

[2] A summary of Perry's claims is not easy. He appears to allege that his trial attorney's errors included the following: (1) counsel failed to conduct a reasonable investigation, (2) counsel failed to challenge the guideline range used to craft Perry's sentence, (3) counsel failed to offer evidence in mitigation, and (4) counsel failed to prosecute an appeal. Perry challenged the sentence imposed by Judge Jones for several reasons.

3

> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002). The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because the claim was previously raised in a 2255 motion but rejected because the petitioner was denied leave to file a second or successive 2255 petition or because a 2255 petition was time-barred. Id.

See Id. The phrase "inadequate or ineffective" has not been thoroughly defined. See United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000).[3] Courts have, though, identified some of the conditions a petitioner must satisfy to gain the benefit of the savings clause. For instance, in Mathison v. Berkebile, 988 F.Supp.2d 1091, 1097-1098 (D.S.D. 2013), a federal district court in this circuit adopted the following conditions articulated in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001):

---

[3] "While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a 2255 motion. See, e.g., In re Davenport, 147 F.3d 605, 608 (7th Cir.1998) (noting that it can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Specifically, the 2255 motion is not inadequate or ineffective merely because 2255 relief has already been denied, [citations omitted], or because petitioner has been denied permission to file a second or successive § 2255 motion, [citations omitted], or because a second or successive 2255 motion has been dismissed, [citation omitted], or because petitioner has allowed the one year statute of limitations and/or grace period to expire, [citation omitted].

United States v. Lurie, 207 F.3d at 1077.

4

> [T]he savings clause of 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion.

The undersigned has liberally construed Perry's pro se submissions. In them, he challenges his trial attorney's performance and the sentence he received, claims he also raised in his motion pursuant to 28 U.S.C. 2255 in the Western District of Virginia. Perry's challenges in this instance are not challenges to the execution of his sentence or the manner in which his sentence is being administered by the BOP. Instead, he is challenging the validity of his guilty plea and his sentence. The undersigned therefore finds that the proceeding at bar is actually one pursuant to 28 U.S.C. 2255.

The Eastern District of Arkansas is not the district of Perry's guilty plea and sentencing; the Western District of Virginia is. He has already prosecuted one motion pursuant to 28 U.S.C. 2255 to a final resolution, and he did not obtain permission to file a second or successive such motion. Accordingly, the undersigned cannot entertain the motion at bar unless Perry can show that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. 2255(e).

Perry has offered no reason for why the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective, and the undersigned knows of no such reason on these facts. The Reyes-Requena v. United States factors that were noted in Mathison v. Berkebile are of no benefit to Perry. His claims are not based on retroactively applicable Supreme Court decisions which establish that he may have been convicted of a nonexistent offense, and the claims were not foreclosed by circuit law at the time when the claims should have been raised in his trial or first 28 U.S.C. 2255 motion.

Although Perry cannot show that a 28 U.S.C. 2255 remedy in the sentencing court is "inadequate or ineffective to test the legality of his detention," he is not entirely without a means for raising the claims at bar. He can file a request to proceed with a second or successive motion pursuant to 28 U.S.C. 2255 with the appropriate court of appeals, in this instance, the Fourth Circuit.

In conclusion, the Court finds that the petition at bar is one pursuant to 28 U.S.C. 2255. Perry's attempt to characterize it as one pursuant to 28 U.S.C. 2241 is misplaced because he is clearly challenging the validity of his conviction. The "savings clause" codified in 28 U.S.C. 2255(e) is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective. Having previously filed a motion pursuant to 28 U.S.C. 2255, Manley must obtain the approval of the Fourth Circuit before filing a second or successive motion. He has not obtained the required approval, and, as a result, the petition at bar should be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice, though, so that he might file a request to proceed with a second or successive motion pursuant to 28 U.S.C. 2255 with the Fourth Circuit. All requested relief should be denied, and judgment should be entered for Beasley.

DATED this 10th day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE